29075. LEATHERWOOD *v.* THE STATE.

DECIDED SEPTEMBER 19, 1941.

*Henry A. Stewart, Forrest C. Oates Jr., John L. Tison,* for plaintiff in error. *Hal C. Hutchens, solicitor-general,* contra.

BROYLES, C. J.  O. B. Leatherwood was tried on an indictment for murder and convicted of the offense of voluntary manslaughter. His motion for new trial was overruled and that judgment is assigned as error.

The evidence for the State (the defendant introduced none), while circumstantial, was sufficient to authorize the jury to find that it excluded every *reasonable* hypothesis save that of the defendant's guilt. Therefore, the general grounds of the motion for new trial were properly overruled by the court. Special ground 2 alleges that the court erred in admitting, as a dying declaration of the deceased, the following testimony of Lloyd Murphy, a witness for the State: "When Hubert [Hubert Dobbs, the deceased] came to my house he realized that he was seriously cut, and he told me that he was cut badly and for me to take him to Dr. Whiteley's hospital just as quick as I could as he was bleeding to death. When I first saw Hubert I asked him what in the world was the matter with him, and he said he was cut and cut bad, and for me to take

him to the hospital, and he said that one of the Leatherwood boys cut him. He said that O. B. or J. T. [Leatherwood] cut him, but I am not positive which one he said, but he used an initial and I did not understand what initial he used, because I was more interested in doing something for him right then than I was in trying to keep that straight." The only objection offered to the testimony was "because the statement made by the dying man did not positively identify some one who did the cutting." The evidence was not subject to the objection interposed. The witness testified that the deceased declared that either O. B. Leatherwood cut him or that J. T. Leatherwood cut him, but that the witness did not remember whether he said O. B. or J. T. In other words, the witness testified that the deceased did name who cut him, but that the witness did not remember whether the man named was O. B. Leatherwood or J. T. Leatherwood. The evidence was admissible for what it was worth, and the circumstantial evidence was sufficient to show, to the exclusion of every other reasonable hypothesis, that O. B. Leatherwood was the person who cut and killed the deceased. Another special ground alleges that it was error for the court to instruct the jury on the law of manslaughter. The ground is without merit, for the charge was amply authorized by the evidence. The other special grounds of the motion for new trial, not having been argued or insisted upon, are treated as abandoned. The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*